EARNEST, INC., and United General Insurance Co., Petitioners,

v.

Teresa LeGRAND and Workers' Compensation Court, Respondents.

No. 54177.

Supreme Court of Oklahoma.

Nov. 25, 1980.

Rehearing Denied Jan. 19, 1981.

Albert M. Morrison, Oklahoma City, for petitioners.

K. D. Bailey, Bailey, Romine & Seacat, Okmulgee, Jan Eric Cartwright, Atty. Gen., of Oklahoma, Oklahoma City, for respondents.

Gene C. Howard, R. K. Pezold, Howard & Rapp, Tulsa, Bruce O. Taliaferro, James R. Elder, Tulsa, George J. McCaffrey, Lampkin, Wolfe, McCaffrey & Tawwater, Oklahoma City, for amici curiae Townley's Dairy

Co., Sentry Ins. Co., Oklahoma Trial Lawyers Assoc.

WILLIAMS, Justice:

The facts surrounding the employee's (Mr. LeGrand's) death are not in dispute. Claim by the widow and children was timely filed and the employer does not contest the amount of the award.

The sole issue presented in the present petition for review is whether or not in death benefit claims cases the employer and/or carrier has a right of subrogation against the negligent third party. In *Updike Advertising System v. State Industrial Commission* [1] this court held that no such right existed under 85 O.S.1951, § 44. This statutory provision was, however, amended by Section 32, Chapter 234, O.S.L.1977, effective July 1, 1978, and the petitioners initially contend that the right of subrogation in death benefit claims is now provided for under 85 O.S.Supp.1979, § 44(a).

Following the filing of the claim the employer timely filed a motion to require the claimant to elect under 85 O.S.Supp.1979 § 44(a), and if the election was to proceed under Workers' Compensation law to assign the cause of action to the employer, who would then be subrogated to the right of action against the third party. At that time the employer also contended that subsection (b) of § 44 was unconstitutional in that it was an arbitrary and capricious taking of the employer's common law right of

subrogation, it was an arbitrary and capricious classification based upon distinctions between death and personal injury, it was a denial of due process, and it was in direct conflict with 85 O.S.Supp.1979, § 44(a). The trial court made no order on the motion, holding that it had no jurisdiction to rule on the questions of election, assignment, or subrogation. Upon appeal to the court en banc, its order upheld the award of death benefits and held that there is no right of subrogation under 85 O.S.Supp. 1979, § 44 applicable to claims for death benefits under the Workers' Compensation Act, and that therefore the motion to require the widow to elect should be and was denied.

Petitioners, employer and insurance carrier, contend in their first proposition that subsection (a) of 85 O.S.Supp.1979 § 44 requires an election in a claim for death benefits where the worker is "killed" by the negligence or wrong of a third party, and if compensation is elected they are subrogated to claimant's cause of action for wrongful death against the third-party tortfeasor. Petitioners argue that the language in subsection (a) is clear and unambiguous and that the 1977 amendment thereto, which added the words "or killed", was the only substantive change in the section as a result of that amendment. In order to determine this, the entire statutory section should be considered.[2,3]

1. 282 P.2d 759 (Okl.1955). See also Oklahoma cases *New State Ice Co. v. Morris*, 285 P.2d 855 (Okl.1955) and *Meadow Gold Dairy Products v. Conly*, 288 P.2d 1115 (Okl.1955) each of which adopted the holding *Updike Advertising System v. State Industrial Court, supra.*

2. *In re Farmers State Bank of Ames*, 181 Okl. 474, 74 P.2d 1166 (1938); *Adams v. Fry*, 204 Okl. 407, 230 P.2d 915 (1951); *Becknell v. State Ind. Court*, 512 P.2d 1180 (Okl.1973) and *Midwest City v. Harris*, 561 P.2d 1357 (Okl.1977).

3. Title 85 O.S.Supp.1979 § 44 reads in its entirety as follows:
   "(a) If a worker entitled to compensation under the Workers' Compensation Act is injured *or killed* by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect wheth-

er to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by

The amendment of § 44, effective July 1, 1978, by § 32 of the Workers' Compensation Act added to subsection (a) of § 44, the words "or killed" and also simultaneously amended subsection (b) by strengthening the prohibition on subrogation in claims for death benefits. The use of the words "or killed" in subsection (a) is obviously in direct conflict with the prohibition on subrogation in death benefit claims contained in subsection (b) of § 44. In addition, from a reading of subsection (a) it also appears that the words "or killed" are in direct conflict with the rest of the context of that subsection, i. e. "such injured worker shall . . . elect." No provision is made in subsection (a) for an election by anyone other than "such injured worker", which in the case of worker being "killed", is impossible. Subsection (a) of § 44 does not provide for an election by the widow, next of kin, or any personal representative of the estate.

■ We do not view § 44 as being clear and unambiguous. In fact, the amendatory language contained in subsection (a) cannot be reconciled with the rest of the language and the contest of subsection (a), nor with the language of subsection (b) of that section. In construing a statute, the whole must be considered and all parts given their obvious intended meaning, and no part stricken down, unless in irreconcilable conflict with the remainder.[4] In addition, if it be considered that there is a conflict between one provision of a section of statue and another, one matter to consider is that the last in order or position and arrangement possibly should prevail.[5]

■ The amendatory language to subsection (a) of § 44, "or killed", irreconcilably conflicting with the remainder of both subsection (a) and subsection (b) of § 44, as amended effective July 1, 1978, coupled with the fact that the simultaneous amendment to subsection (b) is last in order of position or arrangement, leads to the conclusion that a right of subrogation in death claims has not been provided for under 85 O.S.Supp.1979, § 44, as a result of its amendment effective July 1, 1978.

■ In their second proposition, petitioners contend that subsection (b) of 85 O.S.

the Workers' Compensation Act shall be made only with the written approval of the Court. Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as it is just and reasonable.

(b) *The employer or his insurance carrier shall not have the right of subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act from third persons,* with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under the Workers' Compensation Act." (emphasis added).

4. *Oklahoma Natural Gas Co. v. State ex rel. Vassar,* 187 Okl. 164, 101 P.2d 793 (1940); and *Spiers v. Magnolia Petr. Co.,* 244 P.2d 852 (Okl. 1951).

5. *Gentry v. Blinn,* 184 Okl. 9, 84 P.2d 27 (1938); and *Application of Okla. Turnpike Auth.,* 246 P.2d 327 (Okl.1952).

Supp.1979 § 44 is unconstitutional in that it constitutes an arbitrary and capricious taking of the employer's common law right of subrogation, is an arbitrary and capricious classification based upon a distinction between death and personal injury, and is a denial of due process. It is presumed that any legislative enactment is constitutional and should be held constitutional unless its unconstitutionality is shown beyond a reasonable doubt.[6]

In *Updike Advertising System v. State Ind. Comm.,*[7] this court held that 85 O.S. 1951, § 44(b) prohibiting subrogation in death claims or for death benefits under the Workers' Compensation Law, was not unconstitutional as being a deprivation of property without due process of law, nor did it otherwise constitute a denial of due process. Petitioners now seek to have the decision in *Updike, supra,* overturned, and argue that there is a common law right of subrogation in favor of an employer for payment of death benefits under the Workers' Compensation Act. In support of this, petitioners cite cases which predate the *Updike* decision and cases which were decided subsequent to *Updike.*[8] A review of these cases clearly shows that in each case the claim in question under the Workmen's Compensation Law was for personal injury and not death. We think this distinction is

extremely material in view of the historic background of Workers' Compensation legislation, and the constitutional prohibition contained in Section 7, Article 23 of the Oklahoma Constitution.

At common law, there was no right of action to recover damages for wrongful death of a human being.[9] No right of action for wrongful death existed in the State of Oklahoma until the statutory enactment of what are now 12 O.S.Supp.1979, § 1053 and 12 O.S.1971 § 1054.[10] At the time of adoption of the first Workers' Compensation law in the State of Oklahoma, benefits were provided for accidental personal injury, but not for death.[11] This was an abrogation of the employee's common law right of action for personal injury against an employer.[12]

It was not until 1950, with the amendment of § 7, Art. 23 of the Oklahoma Constitution, carving out an exception to the prohibition contained therein, that authority was given the Legislature to provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered on the job.[13] This provision of the constitution now reads as follows:

"The right of action to recover damages for injuries resulting in death shall

---

**6.** *City of Pond Creek v. Haskell,* 31 Okl. 711, 97 P. 338 (1908); *Rakowski v. Wagoner,* 24 Okl. 282, 103 P. 632 (1909); *Casner v. Meriwether,* 152 Okl. 246 4 P.2d 19 (1931); *Baker v. Carter,* 165 Okl. 116, 25 P.2d 747 (1933); *Bailey v. State Bd. of Public Affairs,* 194 Okl. 495, 153 P.2d 235 (1944); *Bond v. Phelps,* 200 Okl. 70, 191 P.2d 938 (1948); *Okla. Tax. Comm. v. Allcott,* 195 Okl. 99, 154 P.2d 973 (1945); *Sinclair Refining Co. v. Brumett,* 267 P.2d 576 (Okl. 1954); *Schmitt v. Hunt,* 359 P.2d 198 (Okl. 1961); *Bd. of Regents for Okla. Agr. and Mechanical Colleges for and on Behalf of Murray State College of Agriculture and Applied Science v. Oklahoma State Regents for Higher Education,* 497 P.2d 1062 (Okl.1972).

**7.** supra, Note 1.

**8.** *Staples v. Central Surety and Ins. Corp.,* 62 F.2d 650 (10th Cir. 1932); *Parkhill Truck Co. v. Wilson,* 190 Okl. 473, 125 P.2d 203 (1942); *Stinchcomb v. Dodson,* 190 Okl. 643, 126 P.2d 257 (1942); *Travelers Ins. Co. v. Leedy,* 450 P.2d 898 (Okl.1969); and *Aetna Casualty Ins.*

*Co. v. Associates Transport, Inc.,* 512 P.2d 137 (Okl.1973).

**9.** *Missouri, K. & T. Ry. Co. v. Lenaham,* 39 Okl. 283, 135 P. 383 (1913); *Kerley v. Hoehman,* 74 Okl. 299, 183 P. 980 (1919); *F. W. Woolworth Co. v. Todd,* 204 Okl. 532, 231 P.2d 681 (1951); and *Haws v. Luethje,* 503 P.2d 871 (1972).

**10.** R.L.1910, §§ 5281 and 5282.

**11.** Chapter 246 O.S.L.1915.

**12.** *Mashburn v. City of Grandfield,* 142 Okl. 247. 286 P. 789 (1930); *Creighton v. Dist. Court of Seminole County,* 359 P.2d 581 (Okl.1961); and *Carroll v. Dist. Ct. of Fifteenth Judicial Dist. Court, Cherokee County,* 579 P.2d 828 (Okl.1978).

**13.** State Question No. 345, Legislative Referendum No. 96, adopted special election July 4, 1950.

never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive." (Emphasis added)

The 1950 amendment to § 7 of Art. 23, adding the above proviso constitutes the only exception to the prohibition of § 7 against abrogating the right of action for injury resulting in death and statutorily limiting the amount recoverable in damages for injury resulting in death. Following this constitutional amendment, the Workmen's Compensation Law was amended to provide for death benefits.[14] This addition of death benefits to the Workmen's Compensation Law did not abrogate any common law right of action since no common law right of action for death existed. Both the right to obtain death benefits under the Workmen's Compensation Law and the right to pursue a wrongful death action are purely statutory rights neither stemming from the common law. How, then, can a common law right of subrogation exist in death benefit claims cases when no common law right of action for death existed? We hold that no such common law right of subrogation exists.

It would therefore follow, as pointed out previously in *Updike, supra,* that the statutory prohibition on subrogation in death claims or for death benefits contained in 85 O.S.Supp.1979 § 44(b), does not result in the taking of any property right or common law right of subrogation from an employer, or otherwise result in a denial of due process.

Next, petitioners contend that subsection (b) of § 44 is an arbitrary and capricious classification based upon a distinction between death and personal injury. It is clear that the prohibition in subsection (b) results in a distinction being made between death and personal injury, with regard to subrogation. However, no constitutional infirmity arises as a result of this unless such distinction is in fact arbitrary, capricious or unreasonable.[15]

As pointed out previously herein, the enactment of workmen's compensation for personal injury, other than death, resulted in the abrogation of the employee's common law right of action for personal injuries against the employer. This was a replacement for the common law remedy. The enactment of death benefits provisions in the Workmen's Compensation Act as authorized by the 1950 constitutional amendment to § 7 of Art. 23 did not abrogate any common law right of action against the employer. What the death benefits act did do was to abrogate the statutory right of action which an employee had against an employer under the wrongful death statute, now 12 O.S.Supp.1979, § 1053 and 12 O.S. 1971 § 1054, and limit the amount recoverable by the amount of compensation payable under the Workers' Compensation Act. Of course, such abrogation of the right of action to recover for death and statutory limitation on the amount recoverable only exists by virtue of the specific exception carved out of the prohibition contained in § 7 of Art. 23 by the 1950 amendment thereto. That specific exception to the constitutional prohibition contains no authorization for any other statutory limitation on the amount to be recovered under the wrongful death statute, except the statutory "amount of compensation under the Workmen's Compensation Law."

In *Updike,* the Court stated at page 764, with reference to the application of the prohibition contained in § 7 of Art. 23 to subrogation in death claims:

"* * * So, if subrogation had been provided by the Legislature such provision would have to be declared unconstitution-

---

14. O.S.L.1951, p. 267.

15. *Frost v. Corporation Commission of State of Okl.,* 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483 (1929); *Cotton Club v. Oklahoma Tax Comm.,* 195 Okl. 403, 158 P.2d 707 (1945); and *City of Duncan v. Bingham,* 394 P.2d 456 (Okl.1964).

al because in conflict with the provision of the constitution which yet inhibits limitation of recovery for wrongful death."

Additionally, in *Capitol Steel & Iron Co. v. Fuller*,[16] at page 1139, in discussing the effect of § 7, Art. 23, on the statutory amendment adding death benefits to the Workmen's Compensation Law, the court said:

"* * * any provision in said Act which modifies the provisions of sections 1053 and 1054 of Title 12 O.S. 1941, except to 'provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law', is also void."

Due to the specific prohibition of § 7 of Art. 23, and the above case authorities construing such prohibition, we do not find the distinction between the right of subrogation in claims involving personal injury and the lack of subrogation in claims involving death benefits to be arbitrary, capricious or unreasonable.

Further we do not view the removal of the previous dollar limitation on death benefits,[17] as rendering unconstitutional the otherwise constitutional statutory prohibition on subrogation in death benefit cases.

The order on appeal of the Court en banc is sustained.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., concurs in result.

BARNES, J., dissents.

16.  245 P.2d 1134 (1952).

17.  See 85 O.S.Supp.1979 § 22 (sub-divisions) 8(c), (d), 9, 10 and 11.