2006 OK CIV APP 155

**Carrie GEE, Petitioner,**

v.

**ALL 4 KIDS, INC., Compsource Oklahoma, and the Workers' Compensation Court, Respondents.**

**No. 103,161.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 21, 2006.

---

Walt Brune, Northcutt, Clark, Gardner & Hron, James G. Devinney, Ponca City, OK, for Petitioner.

Michael G. Coker, Cynthia W. Welch, Oldfield, Coker & Graves, Oklahoma City, OK, For Respondent.

Opinion by LARRY JOPLIN, Judge.

¶ 1 Petitioner Carrie Gee (Claimant) seeks review of the trial court's order awarding her benefits for an accidental personal injury to her back arising out of and in the course of

her employment with Respondent All 4 Kids, Inc. (Employer). In this proceeding, Claimant challenges 85 O.S. § 22(3)(d), purportedly limiting an award for soft tissue injury to only eight (8) weeks of temporary total disability (TTD), as unconstitutionally depriving her of a property interest without due process, and asserts the trial court erred in granting her only eight (8) weeks of TTD, inasmuch as § 22(3)(d), by specific reference to § 22(2)(b), permits a TTD award for a soft tissue back injury of up to three hundred (300) weeks.

¶2 In early November 2005, Claimant suffered a soft tissue back injury while working for Employer, and, later that month, commenced the instant action. Claimant's treating physician treated her injury conservatively, and placed her on light duty restrictions, but Employer offered Claimant no light duty within the medically imposed restrictions.

¶3 At trial, Claimant requested TTD beginning on the date of her injury and continuing, as well as additional medical treatment. Employer asserted that Claimant was a seasonal worker not entitled to benefits, or alternatively, that Claimant was entitled to a maximum of 8 weeks TTD for her soft tissue back injury pursuant to § 22(3)(d).

¶4 Claimant offered competent medical evidence demonstrating her TTD beginning on the date of injury and continuing until she reached maximum medical improvement upon her as-yet uncompleted course of rehabilitation. Employer offered no medical evidence.

¶5 On consideration of the evidence and testimony, the trial court determined that Claimant had sustained a compensable injury to her lumbar back arising out of and in the course of her employment. However, and despite Claimant's uncontroverted evidence of continuing TTD, the trial court awarded her benefits for only eight weeks TTD and additional medical treatment.

¶6 In one proposition, Claimant challenges § 22(3)(d) as unconstitutionally arbitrary and discriminatory, having no reasonable relation

to any valid legislative purpose, and, in light of the uncontroverted evidence of continuing TTD, denying her of a protected property interest without due process. Okl. Const., Art. II, § 7[1]; *Swanda v. Swanda,* 1952 OK 268, ¶¶ 0(4), 16, 207 Okla. 186, 248 P.2d 575, 576, 577. Moreover, says Claimant, to the extent the eight-week limit of § 22(3)(d) conflicts with § 22(2)(b), specifically referred to in § 22(3)(d) and permitting up to three hundred (300) weeks of TTD, § 22(3)(d) unconstitutionally denies the "certain remedy" guaranteed by the Oklahoma Constitution, Art. II, § 6.[2] *See, e.g., Chas. T. Derr Const. Co. v. Gelruth,* 1911 OK 344, ¶20, 29 Okla. 538, 120 P. 253, 256.

¶7 The guarantee of procedural due process under Article II, § 7 assures litigants notice of pending proceedings which might affect their rights and an opportunity to appear and be heard. *See, e.g., Booth v. McKnight,* 2003 OK 49, 70 P.3d 855. Under Article II, § 7, "[s]ubstantive due process requires that a law shall not be unreasonable, arbitrary, or capricious and that the means selected shall have a reasonable and substantial relation to the objective being sought." *Williams v. State ex rel. Dept. of Public Safety,* 1990 OK CIV APP 27, ¶14, 791 P.2d 120, 124. *Accord, City of Edmond v. Wakefield,* 1975 OK 96, ¶6, 537 P.2d 1211, 1213.

¶8 "[T]he right to remedy guarantee afforded by Art. 2, § 6 is a mandate to the judiciary and is not intended to be a limitation on the authority of the legislature." *Rivas v. Parkland Manor,* 2000 OK 68, ¶18, 12 P.3d 452, 457. "Art. 2, § 6 was not 'intended to preserve a particular remedy for given causes of action in any certain court of the state, nor was it intended to deprive the Legislature of the power to abolish remedies for future accruing causes of action . . ., or to create new remedies for other wrongs as in its wisdom it might determine.'" *Rivas,* 2000 OK 68, ¶20, 12 P.3d at 458. (Citations omitted.) In any event, so long as the legislature acts within its authority, we are powerless to

---

1. "No person shall be deprived of life, liberty, or property, without due process of law."

2. "The courts of justice of the State shall be open to every person, and speedy and certain remedy

afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

"interfere 'with the wisdom or policy of'" § 22's limit on the benefits recoverable for soft tissue injuries. *Rivas*, 2000 OK 68, ¶ 15, 12 P.3d at 457.

¶ 9 In the present case, Claimant had no vested right in any particular workers' compensation remedy prior to her injury, and neither § 6 nor § 7 of Article II places any limitation on our legislature's power to restrict the benefits recoverable for soft tissue injuries. *Rivas*, 2000 OK 68, ¶ 24, 12 P.3d at 458. Insofar as the Oklahoma Legislature placed limits on benefits recoverable for soft tissue injuries, we discern no violation of Claimant's rights to procedural or substantive due process, or to a certain remedy.

¶ 10 That said, however, and as Claimant accurately points out, § 22 clearly contains a conflict concerning the extent of TTD benefits recoverable for a soft tissue injury. Section 22(3)(d) provides:

With respect to injuries occurring on or after January 1, 2003, in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:

. . . .

Soft Tissue Injury: In case of a non-surgical soft tissue injury, temporary total compensation shall not exceed eight (8) weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total compensation and the court may order such an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that such an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed, the benefits for the extension period shall be terminated. For purposes of this section, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. "Soft tissue injury" includes, but is not limited to: sprains, strains, contusions, tendonitis, and muscle tears. Cumulative trauma is to be considered a soft tissue injury. . . .

*In all cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section,* unless there is objective medical evidence of a permanent anatomical abnormality. In determining the existence of such an abnormality, the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired.

(Emphasis added.) In this respect, paragraph 2 of § 22, entitled "Temporary Total Disability," provides in subparagraph (c):

With respect to injuries occurring on or after November 1, 1997, total payments of compensation for temporary total disability may not exceed a maximum of one hundred fifty-six (156) weeks in the aggregate except for good cause shown, as determined by the Court. Total payments of compensation for temporary total disability, inclusive of consequential injuries, may not exceed a maximum of three hundred (300) weeks in the aggregate.

The eight-week limit of § 22(3)(d) directly conflicts with the 300–week limit of § 22(2)(c).

¶ 11 As a matter of statutory construction, we must construe the various provisions as a harmonious whole if possible. *See, e.g., City of Tulsa v. Smittle*, 1985 OK 37, ¶ 12, 702 P.2d 367, 370.[3] "In construing a statute, the whole must be considered and all parts given their obvious intended meaning, and no part stricken down, unless in irreconcilable conflict with the remainder." *Earnest, Inc. v. LeGrand*, 1980 OK 180, ¶ 6, 621 P.2d 1148, 1151. More importantly, "if it be considered that there is a conflict between one provision of a section of statu[t]e and another, one matter to consider is that the last in order or position and arrangement possibly should prevail." *Id.*

¶ 12 Section 22(3)(d) first imposes an eight-week limit on soft tissue injuries, but then

---

**3.** " 'Legislative acts are to be construed in such manner as to reconcile different provisions and render them consistent and harmonious and give intelligent effect to each.' "

specifies that, "[i]n *all* cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and *temporary total disability* as set out in" § 22(2)(c), which permits aggregate TTD benefits of up to three hundred weeks. In our view, the provisions of §§ 22(2)(c) and 22(3)(d), adopted in the same legislative session, cannot be reconciled without resort to the rules of statutory construction.

¶ 13 Because § 22(3) is last in position, and the reference to § 22(2) is last in subsection 3, we hold that the reference of § 22(3) to § 22(2) controls, and that § 22(2) permits an aggregate award of up to three hundred weeks of TTD in soft tissue cases. As applied in the present case, the uncontroverted medical evidence demonstrated Claimant's TTD from and after the date of the injury and continuing until completion of rehabilitation. As we construe § 22(2) and (3), the trial court was not constrained by § 22(3) to award a maximum of eight weeks TTD for Claimant's soft tissue back injury, but was statutorily authorized to award TTD to the extent allowed by § 22(2).

¶ 14 The order of the trial court is accordingly VACATED, and the cause REMANDED for an award of TTD consistent with the medical evidence and § 22 as we have construed it.

BELL, P.J., concurs in result, and HANSEN, J., concurs.