2007 OK CIV APP 52

**SYSCO FOOD SERVICES OF OKLA-HOMA LLC and New Hampshire Insurance Company, Petitioners,**

v.

**Charles J. CUNNINGHAM and The Workers' Compensation Court, Respondents.**

No. 103,844.

Court of Civil Appeals of Oklahoma, Division No. 4.

April 13, 2007.

M. Thad Groom, The Groom Law Firm, P.C., Oklahoma City, OK, for Petitioners.

Jeffrey M. Cooper, Homsey, Cooper, Hill & Associates, Oklahoma City, OK, for Respondent.

DOUG GABBARD II, Presiding Judge:

¶ 1 Petitioners, Sysco Food Services of Oklahoma LLC and New Hampshire Insurance Company (collectively, Employer), seek review of the workers' compensation court's panel's order affirming the trial court's award of temporary total disability (TTD) benefits to Respondent, Charles J. Cunningham (Claimant). We sustain the panel's order.

## BACKGROUND

¶ 2 On October 3, 2005, Claimant accidentally injured his left shoulder while employed by Employer. Employer began paying TTD benefits on October 5. Claimant underwent surgery on November 14, 2005. Employer paid TTD benefits until March 17, 2006, a total of 24 weeks.

¶ 3 On March 30, 2006, Claimant filed his Form 3, seeking further TTD benefits. Employer asserted that Oklahoma's workers' compensation statutes limited benefits to the 24–week period.

¶4 The workers' compensation trial court found Claimant was and remained TTD. It awarded TTD benefits beginning the previous March 17 (the date Employer discontinued benefits) and continuing for up to 156 weeks in the aggregate, "pursuant to Title 85, Section 22(2)(C), Oklahoma statutes."

¶5 Employer appealed to a three-judge panel, which affirmed. Employer now seeks our review.

## STANDARD OF REVIEW

■ ¶6 The issue presented is one of statutory construction, which is a question of law. Therefore, we review the court's decision de novo, or without deference. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶6, 16 P.3d 1120, 1122–23.

## ANALYSIS

¶7 The parties agree that the issue is governed by the 2005 amendments to 85 O.S. § 22, which were in effect at the time of the accident. For TTD, the basic rule is found in both the amendments and in earlier versions of § 22(2)(c), the statute applied by the workers' compensation court. As currently written, § 22(2)(c) states:

> With respect to injuries occurring on or after November 1, 1997, total payments of compensation for temporary total disability may not exceed a maximum of one-hundred-fifty-six (156) weeks in the aggregate except for good cause shown, as determined by the Court. Total payments of compensation for temporary total disability, inclusive of consequential injuries, may not exceed a maximum of three hundred (300) weeks in the aggregate.

¶8 Employer contends the court should have followed a different part of the statute, § 22(3)(d), addressing permanent partial disability injuries occurring on or after January 1, 2003, as it relates to soft tissue injuries. Indisputably, Claimant's injury occurred during this period and is a soft tissue injury. Section 22(3)(d) provides, in relevant part:

> Soft Tissue Injury: In case of a nonsurgical soft tissue injury, temporary total compensation shall not exceed eight (8) weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total compensation and the court may order such an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that such an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed, the benefits for the extension period shall be terminated . . . .
>
> . . .
>
> In all cases of soft tissue injury, *the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section,* unless there is objective medical evidence of a permanent anatomical abnormality. In determining the existence of such an abnormality, the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired.

(Emphasis added).

¶9 Employer argues that this statute limits Claimant to 24 weeks (eight weeks plus the 16–week extension) of TTD.

■ ¶10 Generally, when "the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretive devices to fabricate a different meaning." *Curtis v. Board of Educ.,* 1995 OK 119, ¶10, 914 P.2d 656, 659. Here, however, the statutory language presents an apparent conflict in the amount of TTD benefits which may be awarded.

¶11 In the recent case of *Gee v. All 4 Kids, Inc.,* 2006 OK CIV APP 155, 149 P.3d 1106, the claimant sustained a soft tissue injury to her back arising out of and in the course of her employment. Her treating physician treated her injury conservatively and did *not* recommend surgery. At trial, the workers' compensation court held that § 22(3)(d) only authorized maximum TTD benefits of eight weeks and additional medical treatment. On appeal, the Court of Civil Appeals disagreed, finding that the provi-

sions of § 22(2)(c) and § 22(3)(d) contained an apparent conflict. The court resolved the conflict as follows:

As a matter of statutory construction, we must construe the various provisions as a harmonious whole if possible. *See e.g., City of Tulsa v. Smittle,* 1985 OK 37, ¶ 12, 702 P.2d 367, 370. "In construing a statute, the whole must be considered and all parts given their obvious intended meaning, and no part stricken down, unless in irreconcilable conflict with the remainder." *Earnest, Inc. v. LeGrand,* 1980 OK 180, ¶ 6, 621 P.2d 1148, 1151. More importantly, "if it be considered that there is a conflict between one provision of a section of statute and another, one matter to consider is that the last in order or position and arrangement possibly should prevail." *Id.*

Section 22(3)(d) first imposes an eight-week limit on soft tissue injuries, but then specifies that "[i]n *all* cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and *temporary total disability* as set out in § 22(2)(c), which permits aggregate TTD benefits of up to three hundred weeks." In our view, the provisions of §§ 22(2)(c) and 22(3)(d), adopted in the same legislative session, cannot be reconciled without resort to the rules of statutory construction.

Because § 22(3) is last in position, and the reference to § 22(2) is last in subsection 3, we hold that the reference of § 22(3) to § 22(2) controls, and that § 22(2) permits an aggregate award of up to three hundred weeks of TTD in soft tissue cases.

2006 OK CIV APP 155 at ¶¶ 11–13, 149 P.3d at 1109–10 (footnotes omitted).

■ ¶ 12 Even if the *Gee* Court's conclusion were incorrect, we would still reach the same result here. Section 22(3)(d) provides that a claimant with "nonsurgical" soft tissue injuries is limited to eight weeks of benefits, and a claimant "who has been recommended" for surgery by a treating physician may receive one 16–week extension, but if surgery is not performed then the benefits for the extension period shall be terminated. The

statutory language fails to specifically address or limit available TTD benefits after a claimant has surgery. In this case, Claimant had surgery.

■ ¶ 13 Employer asserts that the § 22(3)(d) language authorizing one 16–week extension for a surgical injury shows legislative intent to put a 24–week cap on cases where surgery *is* performed. We disagree. A more reasonable view is that § 22(3)(d)'s failure to specifically address *post-surgical* claimants means that the subsection was not intended to disturb the § 22(2) benefit period. This construction is reinforced by § 22(3)(d)'s later reference to § 22(2) benefits. In other words, a more logical construction is that § 22(3)(d) is intended to give claimants who have sustained non-surgical injuries eight weeks of benefits, claimants who have been recommended for surgery an additional 16 weeks of benefits between the time surgery is recommended and the time it is performed or declined, and claimants who have received surgery up to 300 weeks of benefits in accordance with § 22(2).

¶ 14 Employer also asserts the legislature must have meant to include *surgical* cases in its limit of TTD benefits, because it excepted from the definition of "soft tissue injury" cases of injury to or disease of the spine, spinal disks, spinal nerves, or spinal cord "where corrective surgery is performed." Employer asserts this specific exclusion must mean there is no general exclusion. The answer to this argument is that it is not unusual for the legislature to give specific examples of what it means. At most, the statutory language would only mean that the 24–week limit would apply to claimants with soft tissue injuries who have not yet received surgery for same.

**CONCLUSION**

¶ 15 Accordingly, the decision of the workers' compensation court is sustained.

¶ 16 SUSTAINED.

GOODMAN, J., and REIF, J., concur.