2007 OK CIV APP 63

**Dallas E. CURLING, III, Petitioner,**

v.

**CITY CHEVROLET, Travelers Indemnity Company of America, and The Workers' Compensation Court, Respondents.**

**No. 104,009.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 18, 2007.

Robert A. Forbes, Jr., Midwest City, OK, for Petitioner.

H. Grady Parker, Jr., Looney, Nichols & Johnson, Oklahoma City, OK, for City Chevrolet and Travelers Indemnity Company of America.

## OPINION

ADAMS, Judge.

¶1 Claimant Dallas E. Curling, III, appeals an order of a three-judge panel of the Workers' Compensation Court which applied 85 O.S.Supp.2005 § 22(3)(d) and limited his award of temporary total disability (TTD) benefits to eight weeks. The Workers' Compensation Court's finding that Claimant sustained a soft tissue injury is supported by competent medical evidence and is sustained. However, the application of the 8–week limit on TTD benefits in § 22(3)(d) is vacated, and the matter remanded for entry of an order consistent with the statutory analysis adopted in this opinion.

¶2 Claimant filed a claim for accidental injuries to his right shoulder and to other parts of his body sustained when he tripped and fell over a curb on August 25, 2005, while working as a car salesman for City Chevrolet (Employer, collectively with its insurer Travelers Indemnity Company of America). Subsequently, an order was entered finding he had sustained an accidental personal injury to his right shoulder which arose out of and was in the course of his employment.[1] The trial judge found Claimant was temporarily totally disabled and in need of medical treatment and awarded him TTD benefits for a period of 24 weeks and four days and continuing for a period "not to exceed 52 weeks" from the date of the order. On Employers *en banc* appeal, the three-judge panel vacated several paragraphs of the trial judge's order, entered substitute paragraphs, and added one paragraph. As modified, the trial judge's order was affirmed.

¶3 The order entered by the three-judge panel added a finding that Claimant's work-related injury to his right shoulder was an aggravation of a pre-existing condition. The panel also found Claimant's injury was a non-surgical soft tissue injury pursuant to § 22(3)(d) and surgery had not been recommended, and therefore TTD benefits were limited to 8 weeks.

¶4 Claimant first argues that his injury was not a soft tissue injury as defined in § 22(3)(d) but is instead an aggravation of prior bone and joint injuries from a 1997 gunshot wound.[2] The panel specifically found "THAT at the time of the trial, claimant's injury is a 'nonsurgical soft tissue' injury pursuant to Title 85 § 22(3)(d)." We must sustain that factual determination if it is supported by any competent evidence. *Davis v. Southwestern Bell Telephone,* 2006 OK 48, 139 P.3d 892.

¶5 The record contains medical expert opinion that Claimant had re-injured his right shoulder and had a "probable rotator cuff aberration and tear." Section 22(3)(d) defines a soft tissue injury as "damage to one or more of the tissues that surround bones and joints" including but not limited to "sprains, strains, contusions, tendonitis [sic], and muscle tears"[3] and cumulative trauma. The injury described falls into the statutory classification of a soft tissue injury. This stands as competent medical evidence supporting the finding that a soft tissue injury

---

1. The issue of injury to other parts of his body was reserved for future hearing.

2. He cites to a portion of a medical expert report stating that an x-ray showed he had sustained "some inferior subluxation of the humeral head in the glenoid and there are some bony changes of the bony head indicative of some possible subtle or mild avascular necrosis changes" and argues these anatomical structures were not soft tissue.

3. The rotator cuff is a c-shaped structure of muscles and tendons allowing the shoulder to rotate. *See* Stedman's Medical Dictionary, 377 (25th ed.1990).

was sustained. However, that does not end our review in this matter.

¶ 6 Claimant also argues the 8–week limit in § 22(3)(d) does not apply because that provision is followed by another provision stating that "[i]n all cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section, unless there is objective medical evidence of a permanent anatomical abnormality." He argues that the benefit periods set forth in § 22(3)(d) and § 22(2) are in irreconcilable conflict, and that legislative intent must be gleaned from the Workers' Compensation Act as a whole in order to give each provision effect and with a view to its purpose and objective. *Walker v. Group Health Services, Inc.,* 2001 OK 2, 37 P.3d 749.

¶ 7 Claimant cites *Gee v. All 4 Kids,* 2006 OK CIV APP 155, 149 P.3d 1106, which examined this same statutory conflict. In *Gee,* another division of this Court applied rules for statutory construction and found that the limits at the beginning of § 22(3)(d) directly conflict with its later provisions referencing "paragraph 2 of this section," and that the later references control and permit an aggregate award of up to 300 weeks of TTD for soft tissue injuries.

¶ 8 Employer argues that legislative intent was not addressed and the construction applied in *Gee* nullifies the enactments limiting soft tissue injuries and is "at odds with what the Legislature intended." However, Employer's arguments turn on the principle that legislative amendments are presumed to change existing law and ignores that the statutory text referring to "paragraph 2 of this section" was enacted simultaneously with and as part of the same amendment to § 22 adding the earlier text in § 22(3)(d) which the Workers' Compensation Court applied here to limit TTD benefits to 8 weeks. The reference to paragraph 2 stands later in the same statute regarding soft tissue injuries. As the last in position in the same statute, its provisions control here. *Earnest, Inc. v. LeGrand,* 1980 OK 180, 621 P.2d 1148.

¶ 9 Under the rules of statutory construction applicable to the 2005 amendments to § 22, we find persuasive the analysis in *Gee* that the conflict created by the later reference to "paragraph 2 of this section" with earlier text in that same statute must be resolved by recognizing that the later text prevails over that set forth earlier. Therefore, Claimant's entitlement to TTD for this injury is not limited to 8 weeks. The panel's order so limiting Claimant's TTD must be vacated, and the case is remanded for entry of an order consistent with this opinion.

VACATED AND REMANDED

JOPLIN, P.J., concurs.

MITCHELL, V.C.J., dissenting.

¶ 10 I disagree with the majority's conclusion that of the conflicting paragraphs in § 22, the later in position **must** prevail. The Supreme Court has not so held. *Earnest, Inc. v. LeGrand,* 1980 OK 180, 621 P.2d 1148, relied upon by the majority opinion and by the Court of Civil Appeals in *Gee v. All 4 Kids,* 2006 OK CIV APP 155, 149 P.3d 1106 holds and is quoted in *Gee* that " . . . one matter to consider is that the last in order or position and arrangement possibly should prevail." That the order of the paragraphs or their position in the statute is a proper factor to consider, and that the last in order "possibly should prevail" are certainly reasonable guidelines in construing an ambiguity. Our Supreme Court in *Earnest,* however, only recognized this as a guideline and not as a strict rule of construction that would necessarily preclude the consideration of other factors that might be helpful in construing the statute.

¶ 11 I respectfully dissent.