2008 OK CIV APP 102

**CMI/TEREX CORPORATION and Travelers Indemnity Company of America, Petitioners,**

v.

**Billy J. STEVENS and The Workers' Compensation Court, Respondents.**

No. 105,444.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 31, 2008.

Steve A. Weeks, McClure Law Office, Oklahoma City, OK, for Petitioners.

Charles Simons, Ryan Bisher Ryan, Oklahoma City, OK, for Respondent.

LARRY JOPLIN, Judge.

¶ 1 Petitioners CMI/TEREX Corporation and Travelers Indemnity Company of America (collectively, Employer) seek review of the trial court's order granting Respondent Billy J. Stevens (Claimant) benefits for temporary total disability (TTD) resulting from a job-related soft tissue injury to his left foot.[1] In this proceeding, Petitioners challenge the

---

1.  Employer does not challenge the trial court's adjudication of permanent partial disability (PPD).

trial court's award as contrary to the limits on awards for soft tissue injuries set by 85 O.S. Supp.2006 § 22(3).

¶ 2 The parties stipulated that Claimant sustained an accidental personal injury to his left foot arising out of and in the course of his employment with Employer. In April 2007, the trial court awarded Claimant benefits for eight (8) weeks of TTD covering the period from January 15, 2007 through March 12, 2007, reserved the issue of any underpayment or overpayment of TTD for future determination, and designated Dr. Kowalski as Claimant's treating physician.

¶ 3 On May 7, 2007, Dr. Kowalski examined Claimant, ordered a Magnetic Resonance Image (MRI) of Claimant's left foot, prescribed pain medication, and released Claimant for "sedentary duty." However, Employer offered no such duty.

¶ 4 On May 30, 2007, Dr. Kowalski again saw Claimant. Dr. Kowalski noted that, other than non-job-related hammertoe deformities, the MRI results were otherwise "unremarkable," and administered an injection of lidocaine and steroids. In June 2007, Dr. Kowalski released Claimant from treatment, with "an impairment rating of 0%," and Claimant returned to work.

¶ 5 Claimant subsequently sought an award for an additional fourteen (14) weeks of TTD for the period March 13, 2007 to June 19, 2007, and offered supporting medical evidence. Employer offered medical evidence in opposition. On consideration of Claimant's testimony and the medical evidence, the trial court cited 85 O.S. §§ 22(2)(c) and 22(3)(d), took judicial notice of *Gee v. All 4 Kids*, 2006 OK CIV APP 155, 149 P.3d 1106, and *Sysco Food Services of Oklahoma LLC v. Charles J. Cunningham*, 2007 OK CIV APP 52, 162 P.3d 973, and granted Claimant benefits for an additional thirteen weeks, six days of TTD, reasoning:

> That claimant's LEFT FOOT injury on JANUARY 9, 2007, was a soft tissue injury as defined in Title 85 section 22(3)(d). Whether or not a claimant can receive additional TTD compensation when still TTD but no surgery has been performed remains a viable question for this Court to answer.

That both provision[s] in section 22(3)(d), as stated above, were enacted at the same time and neither represents a later expression of Legislative intent than the other. Further, both provisions are specific in terms of limiting TTD weekly benefits and express (mandatory) language by using the word "shall." And lastly, the conflict and differences in the referenced section are obvious and irreconcilable. That legislative "intent is ascertained from the whole act in light of its general purpose and objection considering relevant provisions together to give full force and effect to each." *Walker v. Group Health Services, Inc.*, 2001 OK 2, 37 P.3d 749.

A long line of Oklahoma cases hold that the purpose of the Workers' Compensation Act is to compensate injured workers for loss of earning power and disability to work which includes temporary total disability benefits. The purposes of Title 85 are best served and the provisions relating temporary total benefits during the "healing period" are best reconciled by providing the benefits pursuant to 85 O.S., section 22(2) in **"all cases of soft tissue injury."**

(Emphasis original.) Employer now seeks review, challenging the trial court's award of additional TTD as contrary to the plain language of § 22.

## STANDARD OF REVIEW

¶ 6 We review the Workers' Compensation Court's determinations of fact for support by any competent evidence. *See, e.g., Bed Bath & Beyond, Inc. v. Bonat*, 2008 OK 47, ¶ 6, 186 P.3d 952, 954. The Workers' Compensation Court's "construction of an ambiguous statute presents an issue of law ... reviewed de novo" on appeal. *Id.* Under the *de novo* standard, we review the legal rulings of the Workers' Compensation Court independently and without deference to that court's conclusion. *See, e.g., Multiple Injury Trust Fund v. Wade*, 2008 OK 15, ¶ 12, 180 P.3d 1205, 1208.

## SOFT TISSUE INJURIES

¶ 7 Relevant to this proceeding, § 22 of title 85, O.S. Supp.2006, provides in pertinent part:

With respect to injuries occurring on or after November 1, 1997, total payments of compensation for temporary total disability may not exceed a maximum of one hundred fifty-six (156) weeks in the aggregate except for good cause shown, as determined by the Court. Total payments of compensation for temporary total disability, inclusive of consequential injuries, may not exceed a maximum of three hundred (300) weeks in the aggregate.

85 O.S. § 22(2)(c). Section 22 also provides:

In case of a nonsurgical soft tissue injury, temporary total compensation shall not exceed eight (8) weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total compensation and the court may order such an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that such an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed, the benefits for the extension period shall be terminated. For purposes of this section, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. "Soft tissue injury" includes, but is not limited to: sprains, strains, contusions, tendinitis, and muscle tears. Cumulative trauma is to be considered a soft tissue injury....

. . . .

In all cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section, unless there is objective medical evidence of a permanent anatomical abnormality. In determining the existence of such an abnormality, the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired.

85 O.S. § 22(3)(d). As the Court of Civil Appeals observed in *Gee*, "[t]he eight-week limit of § 22(3)(d) directly conflicts with the 300–week limit of § 22(2)(c)." 2006 OK CIV APP 155, ¶ 10, 149 P.3d at 1109.

¶ 8 The Court of Civil Appeals has addressed this conflict more than once. In *Gee*, the Court of Civil Appeals held "the reference of § 22(3) to § 22(2) controls, and ... § 22(2) permits an aggregate award of up to three hundred weeks of TTD in soft tissue cases." 2006 OK CIV APP 155, ¶ 13, 149 P.3d at 1110. *Accord, Curling v. City Chevrolet,* 2007 OK CIV APP 63, 164 P.3d 1141. In *Sysco Food Services,* the Court of Civil Appeals held "that § 22(3)(d) is intended to give claimants who have sustained non-surgical injuries eight weeks of benefits." 2007 OK CIV APP 52, ¶ 13, 162 P.3d at 975. Without reference to *Gee, Curling,* or *Sysco Food Services,* however, the Court of Civil Appeals also held that a "soft tissue injury" constituted a "specific injury" subject to its own limits, notwithstanding the reference to § 22(2). *Urrutia v. Wendy's Old Fashioned Hamburgers,* 2007 OK CIV APP 104, ¶¶ 5–6, 171 P.3d 915, 916–917.

¶ 9 Noting the "very different approaches" to the "patent ambiguity" in § 22 by the various divisions of the Court of Civil Appeals, the Oklahoma Supreme Court set out to provide the proper "analysis as binding authority for resolution of the ambiguity" in § 22. *Bed Bath & Beyond, Inc.,* 2008 OK 47, ¶ 10, 186 P.3d at 955. In spite of its recognition of such an inherent, "patent ambiguity" in § 22, the Supreme Court held:

.... It is *clear* that the Legislature intended to limit the period of TTD for certain soft tissue injuries. Section 22(3)(d) limits benefits to eight weeks for non-surgical soft tissue injuries....

*Bed Bath & Beyond, Inc.,* 2008 OK 47, ¶ 12, 186 P.3d at 955. (Emphasis added.) While it would perhaps seem difficult to find this statute *both* ambiguous *and* clear—those terms usually considered mutually exclusive-we are nevertheless bound by the Supreme Court's construction.

█ ¶ 10 In the present case, surgery for the soft tissue injury to Claimant's foot was not recommended. Section 22(3)(d) as construed by the Supreme Court limits TTD for Claimant's soft tissue foot injury to 8 weeks. The trial court erred as a matter of law in holding otherwise.

¶ 11 The order of the trial court is VACATED, and the cause REMANDED for further proceedings.

ADAMS, P.J., and HANSEN, J., concur.