Dear Representative Stottlemyre,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing the following question:
Do the provisions of Title 74 O.S. 4202 and 74 O.S. 4219(1988) prohibit the contribution of money or other valuablethings by a corporation to candidates in nonpartisan electionswhere the candidate has previously filed declaration of candidacywith a county election board?
¶ 1 Title 74 O.S. 4219 (1988), provides in pertinent part:
 A. No corporation chartered under the laws of this state, or foreign corporation admitted to do business in this state, shall contribute to any campaign fund of any political party of this state or to any other person for the benefit of such party or its candidates, nor shall they, through any agent, officer, representative, employee, attorney, or any other person or persons, so contribute. Nor shall any such corporations directly or through such other person, make any loan of money or anything of value, or give or furnish any privilege, favor or other thing of value to any political party, or to any representative of a political party, or to any other person for it, or to any candidate upon the ticket of any political party. The provisions of this section shall apply to candidates and organizations as well as political parties.
(Emphasis added).
¶ 2 The first two sentences of this statute refer solely to prohibitions attaching to partisan candidacies. It is the emphasized language, however, that creates the apparent ambiguity in this statute. Did the legislature intend this sentence to be cumulative of the prohibitions relating to partisan candidacies or did it intend to extend those prohibitions to non-partisan campaigns as well?
¶ 3 From statehood to 1974 a state statute had specifically prohibited corporations from contributing to campaign funds for partisan as well as non-partisan candidates.
 No corporation chartered under the laws of this State, or foreign corporation admitted to do business in this State, shall contribute to any campaign fund of any political party of this State or to any other person for the benefit of such party or its candidates, nor shall they, through any agent, officer, representative, employee, attorney, or any other person or persons, so contribute. Nor shall any such corporations, except a banking corporation in this State, directly or through such other person, make any loan of money, or anything of value, or give or furnish any privilege, favor or other thing of value to any political party, or to any representative of a political party, or to any other person for it, or to any candidate upon the ticket of the political party. Any agent, employee, representative, official, attorney, or any other person, who acts for a corporation in extending any of the benefits herein prohibited, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than fifty nor more than one thousand dollars, and imprisonment in the county jail not less than thirty nor more than one hundred and twenty days: Provided, that the provisions of this section shall apply to non-partisan candidates.
Title 26 O.S. 439 (1971).
¶ 4 In 1974, the above language was amended and the last sentence was replaced with a phrase that intended the provisions of that section to apply to "candidates" and "organizations" as well as political parties. There was also a "definitions" section added to the Act which defined "candidates" as those who have filed a notification and declaration of candidacy for any public office with the Secretary of the State Election Board or the Secretary of any county election board.
¶ 5 "Candidate" is defined as follows:
 "Candidate" means a person who has filed a notification and declaration of candidacy for any public office with the Secretary of the State Election Board or the secretary of any county election board and shall include a person whose candidacy is unopposed, but shall not include any person who has withdrawn such notification and declaration of candidacy[.]
74 O.S. 4202(3) (1988).
¶ 6 This definition of candidate is not limited by the term "partisan" or in any other respect except the place of filing the notification and declaration of candidacy. The only candidatesnot covered would be those who file notifications or declarations of candidacy with some entity other than the Secretary of the State Election Board or any county election board (e.g., with municipal clerks, school board clerks, etc.)
¶ 7 When construing statutes, all relevant provisions must be considered together when possible in order to give full force and effect to each. Earnest, Inc. v. LeGrand, 621 P.2d 1148 (Okla. 1980). The Legislature, by adopting the definition of the word "candidate," intended to include partisan and non-partisan candidates who have filed notification and declaration of candidacy with the Secretary of the State Election Board or any county election board. The statutory definition of candidate is thus to be used every place in the statute where the word "candidate" appears.
¶ 8 Thus, it can be concluded from the history of this Act and the broad definition of the term "candidate," when read in conjunction with the last sentence of 74 O.S. 4219, applying as it does to "candidates and organizations as well as political parties," (emphasis supplied), that the Legislature intended the provision of 74 O.S. 4219 to include non-partisan candidates as well as partisan.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that the definition of the term "candidate," at 74 O.S.4202(3) (1988), applies to the restrictions against corporatecampaign contributions set out at 74 O.S. 4219 (1988) andthat those restrictions apply to candidates in non-partisanelections where the candidate has previously filed a declarationof candidacy with a county election board.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL