**Kenneth WILLIAMS, Appellant,**

v.

**Don AUSTIN, Appellee.**

**No. 83872.**

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 20, 1994.

---

Kenneth Williams, pro se.

M. Denise Graham, Tulsa, for appellee.

### MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellant, Kenneth Williams, appearing pro se, seeks review of the trial court's order which granted Appellee's motion for summary judgment.[1] Appellant brought this action under 51 O.S.1991, § 24A.17, alleging Appellee wrongfully refused to disclose information Appellant had requested under the Open Records Act, 51 O.S.1991, § 24A.1 et seq.

The facts are undisputed. On September 3, 1992, Appellant by letter, requested the Tulsa Court Clerk to send him a copy of the docket sheet and case index in the criminal case, *Williams v. State*, CRF–87–3962. Appellant indicated he was presently incarcerated and asked the court clerk to waive any pre-payment of costs due to Appellant's indigence. Attached to the letter was Appellant's "Certificate of Poverty", a signed, notarized statement that due to his poverty, he was unable to pay any copy costs. A copy of Appellant's request was returned to Appellant with a typewritten note from the deputy court clerk that Appellant was denied pauper status by the court and needed to send $2.50 for the copies. From that denial, Appellant filed this action.

With his petition below, Appellant filed a pauper's affidavit which indicated that as of September 20, 1992, Appellant had $7.12 in his prison draw account and $113.55 in his mandatory savings account. Subsequent to the trial court's granting of Appellant's motion to proceed in forma pauperis, Appellant paid the $94.00 in filing fees to the court clerk citing *Foust v. Pearman*, 850 P.2d 1047 (Okla.1992).

In his motion for summary judgment, Appellee maintained the court clerk may assess the cost of the records requested in an amount provided for by law, against a person requesting a record. Under 28 O.S.1991, § 31 the court clerk may charge and collect the prescribed fees for making copies of instruments and records on file. Appellee maintains by submitting $94.00 to the court clerk to file this action, Appellant admits he is not "indigent" and has the ability to pay $2.50 for the requested copies.[2] In his re-

---

1. The named defendant below was Don E. Austin, Court Clerk of Tulsa County. On January 4, 1993, Ms. Sally Howe–Smith was officially sworn in as the Court Clerk of Tulsa County. Pursuant to 12 O.S.1991, § 2025(D)(1), Ms. Smith is substituted as Appellee herein. The Oklahoma Supreme Court has ordered this appeal to proceed under the accelerated procedure provided in

Rule 1.203, Rules of Appellate Procedure, 12 O.S., Ch. 15, App. 2.

2. Appellee attached to her motion for summary judgment, a copy of a district court order denying Appellant's motion for production of documents at state expense and a Court of Criminal Appeals order which affirms the district court

sponse to the motion for summary judgment, Appellant states he is indigent under state and federal guidelines and that he has no property or other thing of value from which to pay costs of his requested copies. Attached to his response is a statement of inmate account which indicates that on January 14, 1993, Appellant had $9.66 in his inmate draw account and $29.15 in his mandatory savings account.

█ The Open Records Act provides procedures for the inspection, copying and reproduction of records of public bodies and public officials. Section 24A.5 provides in part:

> All records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours; provided:
>
> \* \* \* \* \* \*
>
> 3. Any request for a record which contains individual records of persons and the cost of copying, reproducing or certifying such individual record which is otherwise prescribed by state law, *the cost may be assessed for each individual record, or portion thereof requested as prescribed by state law.* Otherwise, a public body may charge a fee only for recovery of the reasonable, direct costs of document copying, and/or mechanical reproduction.
>
> \* \* \* \* \* \*

Title 28 O.S.1991, § 31 sets forth the fee schedule for services rendered by court clerks. The statute provides for the collection of a $1.00 fee for the first page of a copy of an instrument of record or on file, and $0.50 for each subsequent page. The clerk may also assess a $0.50 fee to certify each instrument.

order. These orders are in Appellant's criminal case and relate to Appellant's request for items in anticipation of filing for post-conviction relief in his criminal case. Appellee has not shown how these orders are relevant to this civil action filed by Appellant for materials under the Open Records Act.

**3.** 57 O.S.1991, § 565 provides:

In his request for the copies of the criminal docket sheet and index sheet, Appellant cited the Oklahoma Open Records Act three times as the basis of his request. Appellant has pointed to no authority, statutory or otherwise, to support his contention the court clerk is required to supply him with requested documents free of charge when the request is under the Open Records Act.

█ The present case is distinguishable from *Foust v. Pearman*, 850 P.2d 1047 (Okla. 1992) which involved whether an inmate's prison savings could be depleted by a district court order in partial payment of court *filing fees.* The Supreme Court concluded in *Foust* that a district court could require partial payment of filing fees by prisoners after considering the amount of a prisoner's funds on deposit with the Department of Corrections.[3] The main consideration in the filing fee cases involving indigents is guaranteeing *access to the courts. Cumbey v. State*, 699 P.2d 1094, 1096 (Okla.1985). The district court has the discretion to waive all or a part of the filing fee, when determining whether an inmate may proceed in forma pauperis. *Foust*, at 1049. A prisoner's savings held by the Department of Corrections may be used to pay fees or costs in filing a civil action. *Foust*, at 1048; 57 O.S.1991, § 549(A)(5).

The present case does not involve a denial of an inmate's access to the courts through the exaction of a filing fee, as was the case in *Foust* and *Cumbey*. Appellant simply wants free copies of documents on file with the court clerk under the authority of the Open Records Act. The Act does not contain any provisions which authorize the public body to supply free copies of documents to persons who state they are indigent. The Act provides for the collection of copy costs. Even if the Act provided for a waiver of copy costs to indigents, the information supplied by Appellant shows he had adequate funds to pay the

In determining whether or not an inmate shall be allowed to use an affidavit in forma pauperis, the court shall consider the amount of funds an inmate has on deposit with the Department of Corrections.

The Department of Corrections is authorized to establish prisoner accounts and to establish procedures by which the prisoner can draw funds from these accounts under 57 O.S.1991, § 549.

$2.50 in costs. In *Cumbey,* the Supreme Court determined inmate account balances ranging from $118.09 to $1,644.41 were sufficient to make the appellant/inmates ineligible to proceed in forma pauperis and a partial filing fee was exacted. Appellant has failed to demonstrate why his account balances in this Open Records Act request may not be treated similarly.

■ Summary judgment is appropriate where there are no disputed fact issues and the movant is entitled to judgment as a matter of law. *Hargrave v. Canadian Valley Electric Cooperative, Inc.,* 792 P.2d 50, 55 (Okla.1990).

The order of the trial court is accordingly, AFFIRMED.

JONES and JOPLIN, JJ., concur.