Dear Senator Anderson:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Section 31 of Title 28 of the Oklahoma Statutes provides, "[n]otwithstanding any other provision of law," the court clerk shall charge $1.00 for the first page and $0.50 for each additional page when copying an "instrument of record or on file" for the public. However, the Open Records Act, 51 O.S.Supp. 2008, § 24A.5[51-24A.5](3) provides in pertinent part, "Notwithstanding any state or local provision to the contrary, in no instance shall the record copying fee exceed twenty-five cents ($0.25) per page." Which statute controls with respect to the fee that may be charged by the court clerk for making copies of public records?
 I. BACKGROUND
Two statutes are relevant to your inquiry. You ask which statute controls what a court clerk may charge for making copies of public records. In prior Opinions the Attorney General has consistently stated that the Open Records Act[1] ("ORA") applies to all public bodies and public agencies, whether state, local or county. See A. G. Opin. 88-35, at 86 (citing 51 O.S.Supp. 1987, §§ 24A.2[51-24A.2],. 24A.3(2)); see also A.G. Opin. 96-26, at 79-80 (stating county assessor is subject to the ORA unless a specific statute controls). Questions of doubt as to disclosure of public records are to be resolved in favor of disclosure. Tulsa Tribune Co. v. Okla. Horse RacingComm'n, 735 P.2d 548,555
(Okla. 1987); A. G. Opin. 88-35, at 86. However, whether a court clerk may follow the fee schedule set out in the "Fees of Court Clerks" statute at 28 O.S.Supp. 2008, § 31[28-31], or must follow the ORA, has not been *Page 2 
directly answered in an Attorney General Opinion or court decision.[2] Thus we address it today for guidance not only to court clerks but to other public officials. *Page 3 
 II. THE LANGUAGE OF THE STATUTES
We begin with the two relevant statutes. The first statute, 51 O.S.Supp. 2008, § 24A.5[51-24A.5] in pertinent part provides:
 All records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours; provided:
 . . . .
 3. Any request for a record which contains individual records of persons, and the cost of copying, reproducing or certifying each individual record is otherwise prescribed by state law, the cost may be assessed for each individual record, or portion thereof requested as prescribed by state law. Otherwise, a public body may charge a fee only for recovery of the reasonable, direct costs of record copying, or mechanical reproduction. Notwithstanding any state or local provision to the contrary, in no instance shall the record copying fee exceed twenty-five cents ($0.25) per page. . . .
Id. (emphasis added).
The next statute, Section 31 of Title 28, sets out the "Fees of Court Clerks." The statute, in pertinent part, provides: *Page 4 
 Notwithstanding any other provision of law, the clerk of the district court, or the clerk of any other court of record, shall charge and collect the following fees for services by them respectively rendered and none others, except as otherwise provided by law:
 . . . .
 Making copy of an instrument of record or on file, first page $1.00 subsequent pages (each) $0.50
Id. (emphasis added). Thus, we are faced with two statutes, both of which purport to make their provisions applicable in spite of any other law. Which controls?
 III. ANALYSIS
In addressing your question, we must first examine the emphasized phrase at the end of Section 31 to determine whether it limits the fees court clerks may charge if another statute conflicts with Section 31, or if another reading is more logical. The "Fees of Court Clerks" statute was originally enacted in 1967, many years before the enactment of the ORA in 1985. See
1967 Okla. Sess. Laws ch. 122, § 6. There was no conflicting statute which could limit court clerk fees at the time of enactment, and thus no need for the emphasized phrase as a limitation. Moreover, a careful reading of the phrase shows it provides that court clerks may charge only for their services set out in Section 31 or another statute, not that another statute limits the fees set out in Section 31. Examples of statutes that authorize other court clerk fees and charges are found at Sections 151(A) and 152 of Title 28. Thus, there is no contradiction in the language of Section 31 that would limit fees to those allowed by the ORA.
In answering your question we are guided by well-established court precedent. The goal of any statutory construction is to "ascertain and give effect to legislative intent."See J.L.M. v. State, 109 P.3d 336, 338 (Okla. 2005). Two statutes should be read in harmony, if possible, to avoid conflict.See Indep. Sch. Dist. No. 89 v. Okla. City Fed'n of Teachers,612 P.2d 719, 722 (Okla. 1980). However, "where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute and not the general statute applies." Sw. BellTel. Co. v. Okla. County Excise Bd.,618 P.2d 915, 919 (Okla. 1980). When there are conflicting provisions of two statutes that cannot be harmonized, the one enacted later in time will prevail. See Earnest,Inc. v. LeGrand, 621 P.2d 1148, 1151 (Okla. 1980).
With those principles guiding us, we turn to the language of the two statutes. Because the ORA has been construed to apply broadly to county officials, including court clerks, we examine the ORA *Page 5 
first. The language of the ORA provides that if there is a statutorily prescribed fee for a "record which containsindividual records of persons, and the cost of copying . . . [the] individual record is otherwise prescribed by state law,the cost may be assessed for each individual record, or portionthereof requested as prescribed by statelaw." 51 O.S.Supp. 2008, § 24A.5[51-24A.5](3) (emphasis added). The statute further provides, "Otherwise," meaning that if there is no prescribed state law, the $0.25 per page charge applies.[3]Id. Finally, the statute was amended in 1992 to provide that the $0.25 limitation applies "[n]otwithstanding any stateor local provision to the contrary." 1992 Okla. Sess. Laws ch. 231, § 2(3) (amending 51 O.S. 1991, § 24A.5[51-24A.5](3)) (emphasis added)).
In your request you identify Section 31 of Title 28, which details certain fees to be charged by court clerks. Specifically, Section 31 prescribes the cost for copying an instrument of record on file as: "Making copy of an instrument of record or on file, first page $1.00 [and] subsequent pages (each) $0.50."[4] Id. This statute contains the limitation, "[n]otwithstanding any other provision of law," which was added to Section 31 in 1993, one year after the ORA was similarly amended in 1992. See
1993 Okla. Sess. Laws ch. 292, § 10 (amending 28 O.S. 1991, § 31[28-31]). Thus, our inquiry must address whether these two statutes, containing virtually identical restrictive phrases added by amendment only one year apart may be harmonized, or if a conflict exists, which statute controls, keeping in mind our goal to "ascertain and give effect to legislative intent." J.L.M.,109 P.3d at 338. *Page 6 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 7 
A review of the two statutes shows that harmony seems impossible. Both address many of the same records to be copied, such as a divorce decree or a petition in a civil lawsuit. While some exceptions exist to the ORA, they are narrow and do not affect the conflicting per-page charges set out in the two statutes.[5] While there may be fact questions concerning a particular record, the question of which statute controls, assuming no exceptions, may be answered as a matter of law.
If a conflict exists, as one does here, the two principles of statutory construction set out above apply. Generally, a specific statute controls over a general statute. See Sw. Bell Tel.,618 P.2d at 919. An amendment to a statute enacted later in time controls over an earlier conflicting statute. See Earnest,621 P.2d at 1151.
In this case the statute is Section 31, which prescribes fees in specific circumstances applicable to a specific official. Consistent case law supports the finding that Section 31 controls over Section 24.5(3) of the ORA. See Sw. Bell Tel.,618 P.2d at 919.
The second principle of statutory construction is that the statute enacted or amended later in time controls. Earnest,621 P.2d at 1151. Here the amendment to the ORA was made in 1992 by the Oklahoma Legislature.See 1992 Okla. Sess. Laws ch. 231, § 2(3) (amending 51 O.S. 1991, § 24A.5[51-24A.5](3)). In 1993, one year later, the Legislature added the amendment to the "Fees of Court Clerks" statute. See
1993 Okla. Sess. Laws ch. 292, § 10 (amending 28 O.S. 1991, § 31[28-31]).[6] Thus, under the principle articulated above, because the Legislature's amendment of the court clerk fees statute occurred later in time than the amendment to the ORA the newer court clerk fees statute controls.[7] *Page 8 
Our goal is to determine the intent of the Legislature. The timing of the two amendments, first to the ORA and then a year later to Section 31, providing that the court clerk fee schedule shall apply in spite of other law such as the ORA, is dispositive. While the Legislature provided that the ORA is to be applied broadly to encourage access to public records, it is also the Legislature which may limit the application of the ORA. See Estes v. ConocoPhillipsCo, 184 P.3d 518, 525 (Okla. 2008) (stating it is "presume[d] that the Legislature expressed its intent and intended what it expressed"); cf. Irwin v. Irwin, 433 P.2d 931, 934 (Okla. 1965) (holding an amendment to a prior statute may reasonably indicate legislative intent to alter the law). Applying that rule of statutory construction and the protection of court fees from the limitations of other laws by the later statutory amendment, Section 31 controls over the ORA in prescribing permissible charges for copies of "an instrument of record or on file." See 28 O.S.Supp. 2008, § 31[28-31].[8]
 It is, therefore, the official Opinion of the Attorney General that:
 1. The Open Records Act is to be construed broadly and applies generally to court clerks and other county officials. See 51 O.S. 2001 Supp. 2008, §§ 24A.2, 24A.3(2); A. G. Opin. 88-35, at 86.
 2. Section 31 of Title 28 prescribes a cost of copying for court clerks as: "Making copy of an instrument of record or on file, first page $1.00 [and] subsequent pages (each) $0.50." Id. This prescription is to be applied "[n]otwithstanding any other provision of law." Id. The Open Records Act provides that, "Notwithstanding any state or local provision to the contrary," the cost of copying shall not "exceed twenty-five cents ($0.25) per page for records having the dimensions of eight and one-half (8 ½) by fourteen (14) inches or smaller, or a maximum of One Dollar ($1.00) per copied page for a certified copy." 51 O.S.Supp. 2008, § 24A.5[51-24A.5](3).
 3. The phrase, "[n]otwithstanding any state or local provision to the contrary" was added to Section 24A.5(3) of Title 51 in 1992. See 1992 Sess. Laws ch. 231, § 2(3). In 1993, the Legislature amended Section 31 of Title 28 to provide that section of the law applies "[n]otwithstanding any other provision of law." See 1993 Sess. Laws ch. 292, § 10. *Page 9 
 4. Because the "notwithstanding" amendment to 28 O.S. Supp. 2008, § 31[28-31] is an amendment to a specific statute concerning court clerk fees, while the "notwithstanding" amendment to 51 O.S.Supp. 2008, § 24A.5[51-24A.5](3) is a change in the general Open Records Act statute, both of which amendments relate to the same subject matter — the copying of public records — the rules of statutory construction provide that Section 31 of Title 28 controls over Section 24.5(3) of Title 51, the Open Records Act. See Sw. Bell Tel. Co. v. Okla. County Excise Bd., 618 P.2d 915, 919 (Okla. 1980).
 5. Because the amendment to Section 31 is later in time than the amendment to Section 24A.5(3), the rules of statutory construction provide that Section 31 of Title 28, as amended, is the latest expression of legislative intent concerning copying costs for court clerks and controls over Section 24.5(3) of Title 51, the Open Records Act. See Earnest, Inc. v. LeGrand, 621 P.2d 1148, 1151 (Okla. 1980).
 6. Court clerks may charge fees of $1.00 for the first page and $0.50 for subsequent pages under Section 31, notwithstanding the fee limitations of the Open Records Act at Section 24A.5(3), when the record sought to be copied is "an instrument of record or on file" 28 O.S.Supp. 2008, § 31[28-31].
 7. When the court clerk is asked to make a copy of a public record which is not "an instrument of record or on file," the fees charged are subject to the Open Records Act. 51 O.S.Supp. 2008, § 24A.5[51-24A.5](3). Whether a document is "an instrument of record or on file" is a question of fact that cannot be answered in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN GROVER HARRIS ASSISTANT ATTORNEY GENERAL
[1] 51 O.S. 2001 Supp. 2008, §§ 24A.1 — 24A.29.
[2] In Attorney General Opinion 05-21, the question was whether a county clerk could charge an amount different from the ORA allowed charge and not set out in another specific statute for electronic records stored in a computer-readable format. The Opinion noted that the county clerk statute allowed for the charge of $1.00 per page for paper copies of computer-stored records.Id. at 108 (citing 28 O.S.Supp. 2004, § 32[28-32](4)). The conclusion implicitly seemed to approve a $1.00 charge for paper copies, but found the ORA applied when records were delivered in an electronic format in the absence of any specific statute providing otherwise. Id. at 110 (citing 51 O.S. 2001, § 24A.5 [51-24A.5](3)). An analysis whether the county clerk could legally charge $1.00 for a paper copy record was not necessary to the Opinion.
In Attorney General Opinion 96-26, the question was whether a county assessor could sell copies of records held in a computer format. The answer to the question was no. Id. at 83. There was no statutory authority for the assessor to sell the records.Id. Additionally, a statute setting out charges the county assessor could make on a flat-fee basis for copies of certain records also provided that other charges were to be made "as provided in the Oklahoma ORA," citing 28 O.S.Supp. 1996, § 60[28-60].Id. at 79-81. From that language the conclusion was reached that at least where there was no specific statutory authority to charge for (or sell) public records the ORA applied. Id. The question whether the flat-fee statute controlled over the ORA as to records qualifying for the flat fee was not addressed, as it was not necessary for a determination that a county assessor could not sell records for fees not authorized in either Section 60 or the ORA.
In Williams v. Austin, 890 P.2d 416 (Okla. Civ. App. 1994), the Oklahoma Court of Civil Appeals addressed the question what fees could be charged by a court clerk for a docket sheet in a criminal case. In that case an inmate sought free copies of a docket sheet, claiming he was indigent and citing the ORA for authority. The court first noted the existence of a statutory filing fee for copies of public records, citing 28 O.S. 1991, § 31[28-31]. Id. at 417. It distinguished the case before it from one in which the court clerk charged the statutory filing fee to an allegedly indigent inmate, noting that a fee requirement must not limit access to the courts. It held that there was no denial of access in the case before it under Section 31 where a docket sheet costing $2.50 was requested.Id. at 417. The court also noted that the ORA did not require the public body fulfilling the request to waive fees for an indigent requestor, and that in any event, the inmate had enough money to afford the $2.50 fee for copies. Id. The court did not address the question which statute controlled the request, Section 31 or the ORA.
[3] For this Opinion a discussion of the various fees set out in the ORA and the numerous questions concerning how the ORA is to be construed in this technological age is not necessary. For a full discussion of the interpretation of the ORA in this technological age see, e.g., A. G. Opin. 09-12, holding that a record on a state official's personal electronic communications device concerning state business is a public record; A.G. Opin. 05-21, discussing the application of the ORA to electronic records; and A.G. Opin. 01-46, holding that an e-mail is a record.
[4] Whether any particular record sought is "an instrument of record or on file" is a question of fact beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
[5] See 51 O.S.Supp. 2008, § 24A.5[51-24A.5](3) (allowing an exception to the limitations on fees for records containing individual records or for records sought for a commercial purpose).
[6] Prior to the passage of the amendments to the statutes about which you inquire, in 1990 an Assistant Attorney General answered a question whether a county clerk could charge the fees set out in the county clerk statute (28 O.S.Supp. 1985, § 32[28-32]) rather than the fees prescribed in the ORA (51 O.S.Supp. 1985, § 24A.5[51-24A.5](4)). See
Unpublished A. G. Opin. 90-581, available at
http://www.oklegal.onenet.net/agopinions.basic.html (pull down menu to "OK Attorney Generals Unpublished Opinions (1969 — current)"). Relying on the rule of statutory construction, the answer was that the specific county clerk fees statute controlled over the general ORA. Id. The author also noted that the same logic applied to the court fees statute which concerns us today. Id. However, the amendments we are concerned with were made subsequent to this unpublished opinion. Also, this "unpublished opinion" is not an official Opinion of the Attorney General, but rather legal advice from an Assistant Attorney General in the form of a letter. Because these "unpublished opinions" circulate throughout the public domain it is, however, important to point out the reasoning that a specific statute controls over a general statute is consistent with this official Opinion
[7] While the cases often refer to "statutes" enacted later in time, the same principle has been applied to amendments that are later in time. See Earnest, 621 P.2d at 1151. InEarnest, an amendment to one provision of the Workers' Compensation Act directly conflicted with another provision of the Act. The court stated:
 In fact, the amendatory language contained in subsection (a) cannot be reconciled with the rest of the language and the contest [sic] of subsection (a), nor with the language of subsection (b) of that section.
 . . . .
 The amendatory language . . . irreconcilably conflicting with the remainder of both subsection (a) and subsection (b) . . . coupled with the fact that the simultaneous amendment to subsection (b) is last in order of position or arrangement, leads to the conclusion that [the later amendment controls the act in question].
Id.
This principle was also applied in Attorney General Opinion 00-11. There, the question was which of two amendments to two different statutes controlled. The Opinion held:
 Applying the "later statute" rule of statutory construction, we find that Section 979a was amended in the 1999 legislative session. While other subsections of Section 180.43 were also amended in 1999, Subsection A of Section 180.43 was last amended in 1989. The provisions of 22 O.S.Supp. 1999, § 979a[22-979a] are therefore later in time than the provisions of 19 O.S.Supp. 1999, § 180.43[19-180.43](A). Since provisions of a later statute supersede a conflicting provision in an earlier statute on the same subject, Section 979a of Title 22 supersedes the conflicting phrase in Section 180.43(A) of Title 19.
A.G. Opin. 00-11 at 42-43.
Without having been explicitly discussed, both the Oklahoma Supreme Court and the Attorney General have applied the "later in time" rule to amendments, because such amendments create the new, effective statute. The goal is to determine the intent of the Legislature concerning the effect of a statute. See J.L.M.,109 P.3d at 338. A later amendment or provision as described by the Supreme Court and by this office determines the intent of the Legislature as to the controlling content and effect of the statute. Here, the effect is that the statute, Section 31 of Title 28, controls over Section 24A.5(3) of Title 51.
[8] We address only Section 31 of Title 28 in this Opinion. We do not address other statutes governing court clerk fees or charges that are found in, e.g., Sections 151 and 152 of Title 28. *Page 1