2016 OK CIV APP 18

STATE of Oklahoma ex rel. The OKLAHOMA BOARD OF MEDICAL LICENSURE AND SUPERVISION, Plaintiff/Appellee,

v.

Jarrett G. GREGORY, MD License No. 13611, Defendant/Appellant.

No. 112958.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 30, 2015.

E. Scott Pruitt, Attorney General, Jason T. Seay, Joseph L. Ashbaker, Assistant Attorneys General, General Counsel Section, Office of the Attorney General, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma, Oklahoma, for Defendant/Appellant.

JANE P. WISEMAN, Judge.

¶1 Jarrett G. Gregory appeals an order of the Oklahoma Board of Medical Licensure and Supervision revoking his medical license. After review, we affirm Board's decision.[1]

## FACTS AND PROCEDURAL BACKGROUND

¶2 Board issued a citation on July 11, 2013, informing Gregory that on September 12, 2013, Board would consider a complaint against him. The complaint alleged Gregory engaged in unprofessional conduct in committing various offenses related to prescribing, dispensing, selling, and administering controlled substances and failing to maintain complete and accurate patient records and records of controlled drug purchases and disposal, among other allegations. Gregory filed an answer in which he "denie[d] generally and specifically any unprofessional action in his practice of medicine."

¶3 In a letter dated August 29, 2013,[2] to the Board Secretary, Gregory stated:

After approximately 43 years of successful medical practice in Oklahoma, Jarrett Gordon Gregory, M.D. does hereby voluntarily resign and surrender his Oklahoma medical license as a physician and surgeon, License No. 13611. Attached is the wallet card from Dr. Gregory. His formal wall certificate will also be turned in under separate cover. Please make appropriate entries in the Board Order to reflect this voluntary surrender.

The letter is on his attorney's letterhead, signed by Gregory, and notarized.

¶4 On September 10, 2013, Gregory filed with Board a "Confirmation of Prior Voluntary Surrender of License in Lieu of Prosecution." Gregory stated in this document that he surrendered his license voluntarily

and that he is the subject of an investigation by Board "involving allegations that if proven, would constitute grounds for disciplinary action by the Board." He stated, "I deny any allegations of unprofessional conduct. But it remains my desire to surrender my Oklahoma medical license as I did on August 30, 2013."

¶5 On March 5, 2014, Gregory filed a "Response to Board in Lieu of Personal Appearance" in which he noted Board erroneously decided it retained jurisdiction over the disciplinary case despite his voluntary surrender of his license. He alleged Board lacked jurisdiction to proceed against him because he voluntarily surrendered his license.

¶6 Board filed a motion for default judgment against Gregory because he failed to appear at the disciplinary hearing. Gregory filed a "Special Appearance, Motion to Quash and Plea to Jurisdiction," again asserting that Board had no jurisdiction to proceed against him after he "voluntarily surrendered his Oklahoma license."

¶7 A hearing was held on May 15, 2014, and on May 23, 2014, Board filed a final order containing findings of fact and conclusions of law. Board found Gregory "guilty of clear and convincing unprofessional conduct" and revoked his medical license.

¶8 Gregory appeals.

## STANDARD OF REVIEW

¶9 "Because of the interest at stake in the loss of a license and the potential damage to a professional reputation resulting from disciplinary proceedings, [the Supreme Court] has recognized that the standard of proof in revocation proceedings against a person holding a professional license is a clear-and-convincing-evidence standard." *Johnson v. Board of Governors of Registered Dentists of State of Oklahoma*, 1996 OK 41, ¶20, 913 P.2d 1339. We must accord great weight to "an administrative entity in the exercise of

---

1. Board filed a motion to dismiss this appeal, which the Supreme Court deferred to the decisional state. We decline to dismiss this action and proceed to address the merits of the issues presented by the parties.

2. The letter was filed with Board on August 30, 2013.

its expertise." *Massengale v. Oklahoma Bd. of Exam'rs in Optometry*, 2001 OK 55, ¶ 20, 29 P.3d 558. "A court of review may not substitute its own judgment for that of an agency, particularly in the area of expertise which the agency supervises." *Tulsa Area Hosp. Council, Inc. v. Oral Roberts Univ.*, 1981 OK 29, ¶ 10, 626 P.2d 316. "The rationale for this rule is that courts do not possess the specialized knowledge, training, experience or competency to substitute opinions for the judgment of qualified experts." *Id.*

¶ 10 Issues concerning statutory construction and jurisdiction are questions of law reviewable by a *de novo* standard. *See K & H Well Serv., Inc. v. Tcina, Inc.*, 2002 OK 62, ¶ 9, 51 P.3d 1219.

## ANALYSIS

¶ 11 Board determined it had continuing jurisdiction to revoke Gregory's medical license despite his attempted surrender of his license. We agree that Board retained jurisdiction to revoke Gregory's medical license and conclude Gregory has not shown Board erred in doing so.

¶ 12 Gregory attempted to circumvent disciplinary action by surrendering his license voluntarily in lieu of prosecution. He did not, however, satisfy the statutory requirements to do so. The applicable procedure is set out in 59 O.S.2011 § 509.1:

E. SURRENDER IN LIEU OF PROSECUTION:

1. The Board may accept a surrender of license from a licensee who has engaged in unprofessional conduct in lieu of Board staff prosecuting a pending disciplinary action or filing formal disciplinary proceedings only as provided in this section. To effect such a surrender, the licensee must submit a sworn statement to the Board:

a. expressing the licensee's desire to surrender the license,

b. acknowledging that the surrender is freely and voluntarily made, that the licensee has not been subjected to coercion or duress, and that the licensee is fully aware of the consequences of the license surrender,

c. stating that the licensee is the subject of an investigation or proceeding by the Board or a law enforcement or other regulatory agency involving allegations which, if proven, would constitute grounds for disciplinary action by the Board, and

d. *specifically admitting to and describing the misconduct.*

2. The sworn written statement must be submitted with the licensee's wallet card and wall certificate. The Secretary or Executive Director of the Board may accept the sworn statement, wallet card and wall certificate from a licensee pending formal acceptance by the Board. The issuance of a complaint and citation by the Board shall not be necessary for the Board to accept a surrender under this subsection. A surrender under this subsection shall be considered disciplinary action by the Board in all cases, even in cases where surrender occurs prior to the issuance of a formal complaint and citation, and shall be reported as disciplinary action by the Board to the public and any other entity to whom the Board regularly reports disciplinary actions.

3. As a condition to acceptance of the surrender, the Board may require the licensee to pay the costs expended by the Board for any legal fees and costs and any investigation, probation and monitoring fees including, but not limited to, staff time, salary and travel expense, witness fees and attorney fees.

4. The licensee whose surrender in lieu of prosecution is accepted by the Board shall be ineligible to reapply for reinstatement of his or her license for at least one (1) year from the date of the accepted surrender.

(Emphasis added.)

¶ 13 Initially, we recognize that by statute, Board may, but is not required to, accept Gregory's offer to surrender his license. And as mandated in the first provision set forth above in 59 O.S.2011 § 509.1, it may do so only as provided in this statutory provision. Section 509.1(E) allows Board to accept such a surrender "from a licensee who has engaged in unprofessional conduct," but clearly, if the statute is not complied with,

Board cannot accept the offer of surrender in lieu of prosecution. To hold otherwise would abrogate the legislative intent behind this enactment.

¶ 14 After review of the record, we conclude Gregory cannot claim the benefits of the statutory procedure to surrender his license when he failed to follow that procedure. In his sworn statement, Gregory failed to comply with subsection 1(d), an essential requirement that he specifically admit to and describe the misconduct giving rise to the surrender. Not only does he not admit or describe any misconduct in his sworn statement, Gregory stated, "I deny any allegations of unprofessional conduct." The voluntary surrender pursuant to § 509.1(E) is meant to take the place of, and have the same result and effect as, the prosecution of a pending disciplinary action.

¶ 15 Clearly, Gregory complied with almost all of the provisions of 59 O.S.2011 § 509.1(E) to surrender his license voluntarily in the midst of the prosecution against him, but he did not follow all of the procedures necessary to surrender his license successfully, admit his misconduct, and halt the prosecution to revoke his license. This failure to comply with the statutory requirements resulted in Board's decision to proceed with the complaint against him. We conclude Board properly proceeded when Gregory unsuccessfully attempted to surrender his license voluntarily to avoid prosecution of the complaint against him.

¶ 16 To validate Gregory's attempt to surrender his license voluntarily to halt the proceedings against him without requiring him to satisfy the statutory requirement to admit and describe his misconduct would render this requirement meaningless, in contravention of well-established principles of statutory construction. In *Bed Bath & Beyond, Inc. v. Bonat,* 2008 OK 47, ¶ 11, 186 P.3d 952, the Supreme Court emphasized:

"[T]he cardinal rule of statutory construction is to ascertain the intent of the legisla-

ture and if possible give effect to all its provisions." *Kratz v. Kratz,* 1995 OK 63, ¶ 11, 905 P.2d 753, 755. "A statute must be read to render every part operative and to avoid rendering parts thereof superfluous or useless." *Moran v. City of Del City,* 2003 OK 57, ¶ 8, 77 P.3d 588, 591. We conclude that, faced with the impending misconduct disciplinary proceeding, Gregory's attempt to surrender his license voluntarily in lieu of prosecution was not effective. This was not merely a voluntary relinquishment of a medical license due to retirement, incapacity, disability, or disinterest. Board was not required to accept the offered surrender to halt the prosecution, and faced with Gregory's non-compliance with the governing statute, it could therefore proceed with its prosecution against him.

¶ 17 Gregory asserts there are other ways besides § 509.1 to surrender his license. He does not specify what those alternative means are or provide any authority for this proposition. Gregory did, however, unsuccessfully attempt to use the statutory procedure to surrender his license, including submission of his wallet card and wall certificate, and cannot now assert that he does not have to comply with the statute to surrender his license without consequences.[3]

¶ 18 As an additional ground for appeal, Gregory asserts that the "actions of the Board legal advisor at trial were unlawful." He states:

As the transcript of Board proceedings of May 15, 2014 reflects, at the beginning of the hearing the Board legal advisor took off that hat and stepped into the position of the Attorney General to serve as prosecutor.

Then, midway in the hearing the Board legal advisor who is now the Board prosecutor recused himself from the proceedings altogether because he had an attorney-client relationship with the state expert witness.

---

3. At a November 6, 2013, Board hearing to consider arguments about Board's jurisdiction to proceed after Gregory submitted a surrender of his license, a "Mr. Wiggins," unidentified as to position or representation, argued that a doctor could voluntarily give up his license in the face of disciplinary action, "escape any determination of the charges that were on file ... [a]nd then maybe move to Georgia, or whatever, and set up shop again." Nov. 2013 Tr., p. 10.

Then later the same Board legal advisor and former Board prosecutor stepped back into the prosecutor's role to present additional state's evidence against Dr. Gregory.

The transcript, however, does not identify who is asking questions or speaking other than when witnesses are testifying, but instead refers to each speaker at the hearing as "Unidentified Speaker."[4]

¶ 19 According to the record, neither Gregory nor his attorney attended the hearing on May 15, 2014. Therefore, Gregory never objected at the hearing to any evidence regarding any legal advisor's unlawful conduct. "We do not address arguments made for the first time on appeal." *Schommer v. Communicate Now!, L.P.,* 2014 OK CIV APP 38, n.

---

4. The transcript does show, after an "Unidentified Speaker" states that he will disqualify himself based on his attorney-client relationship with the State's expert witness and that the Board does not need a board advisor, that another "Unidentified Speaker" responds, "Thank you, Mr. Wiggins, for that." May 2014 Tr., p. 20.

9, 324 P.3d 433 (citing *Jones v. Alpine Invs., Inc.,* 1987 OK 113, ¶ 11, 764 P.2d 513).

## CONCLUSION

¶ 20 Finding no error, we affirm Board's revocation of Gregory's medical license.

¶ 21 **AFFIRMED.**

GOODMAN, V.C.J., and FISCHER, P.J., concur.

Other than this reference, we cannot ascertain which Board members or staff made any given statements. Contrary to Gregory's assertion in his reply brief on appeal that the May 2014 transcript contains a listing of appearances at the hearing, the transcript in the record on appeal contains no such listing.